*469 Opinion op the Court.
According to the principles of the opinion delivered fall term 1820, in the case of Gore, &c. vs. Marshall, &c. the court below erred in not rendering a judgment ou the special verdict against the defendant, M’Queen, for the undivided third of the land in his possession, in favor of the lessor, Alexander K. Marshall.
.The judgment must, therefore, be reversed with costs, and the cause he remanded, that judgment may be entered for the undivided third of the land in the possession of M’Queen, on the demise of Alexander K. Marshall, as well as for the other two undivided thirds on the demise of Marshall and wife, and Mrs. M’Clung.
The case of Gore vs. Marshall, referred to in this opinion, would, have appeared in Mr. Marshall’s 2d volume, had it not been sus. pended by a petition for re-hearing. It is as follows:
GORE vs. MARSHALL, An appeal from a judgment of the Fleming circuit court.
Opinion op the Court.
THIS was an action of ejectment, commenced in 1817. The declaration contains two counts, one on the demise of Humphrey. Marshall and wife, and the other on the demise of Alexander K. 'Marshall. The jury, on the trial of the cause, found a general vcr-. diet against some of the defendants, upon which a judgment was en* tereil; and as to the appellants, Gore and M’Queen, they found a special verdict, from which it appears that a patent for a large tract of land, including the land in controversy, issued to Thomas Marshall, in 1785; tlmt'he departed this life in 1802, having, by his last-will, devised to Anna Maria Marshall, then and still the wife of Humphrey Marshall, Susan M’Clung, then the wife of William M’Clung, who died in 1811, and Alexander K. Marshall, each, one third of the land in controversy, as tenants in common; that about 16 years ago, James Gore settled upon the land in controversy, under a junior title, and lived there until 1805, when he died, having by jiis will devised 100 acres of his tract to Mrs. Gore, the appellant, and the residue of his tract in different parcels to his children, a part-ofthe residue of his tract so devised to his children lying within, and a part without the boundary of the land in controversy; that Mrs, Gore has continued ever since to reside on the part devised to her, and that there was no other settlement by Gore’s devisees within the plaintiff’s claim, except what had been made shortly before the commencement of this suit, at a place in the possession of the appellant, M’Queen, who holds under one of Gore’s devisees.
The circuit court gave judgment for the plaintiff, for two undivided thirds of the land in controversy, in the possession of Mrs. Gord and M’Queen, being the parts demised by Humphrey Marshall and wife, and Susan M’Clung; and from that judgment Mrs. Gore and M’Queen have appealed to this court.
Mrs. Gore having been in the continued adverse possession of the 100 acres devised to her, for more than seven years before the commencement of the action, tb,e statute of limitatiogs of 1§09 is a bay *470 to the plaintiff’s recovery against her vendee, on the demise from Alexander K. Marshall, who does not appear to have, labored uuder any disability; but the statute cannot operate as a bar to the recovery against her under the demise of Humphrey Marshall and wife; for Mrs. Marshall was a feme covert during all the period of Mrs. Gore’s possession; and the fourth section of (he statute provides, that the limitation in the act prescribed shall not extend to femes covert. As to Mrs. M’Clung’s part, judgment could not have been rendered for it, because there is no demise from her laid in the declaration. Against Mrs. Gore, therefore, the judgment should have been given for only one undivided-third, instead of rendering it for two undivided thirds, as was done by the circuit court.
With respect to M’Queen, as neither he nor those under whom he claims appear to have been in possession of the land in dispute, seven years before the commencement of the suit, (he statute is no bar to the recovery against him, either under the demise from Alexander K. Marshall or from Humphrey Marshall and wife. The judgment against him for two undivided thirds, was correct; but one third should have been for Alexander K. Marshall’s part, instead of Mrs., M’Clung’s part.
It is, the.rofoFO, considered by the court that the judgment aforesaid be reversed, <fcc.